## McELWEE v. DICKSON.

COSTS.—AN ATTORNEY is entitled to tax costs against losing party in an action on a contract liquidated on or before January 12, 1893. *Distinguished from Addison* v. *Sugette,* 51 S. C., 305.

Before GARY, J., York, April, 1899. Reversed.

Taxation of costs in R. N. McElwee against William Dickson and Dave Clarke. From order on Circuit, plaintiff appeals.

*Messrs. Witherspoon & Spencer,* for appellant, cite: 21 Stat., 30; 16 Stat., 627; 17 Stat., 296; Gen. Stat., 2425; 22 Stat., 429; 51 S. C., 305.

*Messrs. Finley & Brice,* contra, cite: 21 Stat., 30; Rev. Stat., 2552; 22 Stat., 429; 51 S. C., 305.

June 3, 1899.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   This is an appeal from the follow-
ing order of his Honor, Judge Gary : "This was a motion to
review the taxation of costs by the clerk.   The contention
was over attorney's costs on note and mortgage executed in
1886—an existing liquidated contract on the 12th day of
January, 1893.   After hearing argument, I am convinced,
and so hold, that under existing laws no attorney's costs,
even on existing liquidated contracts on the 12th day of Jan-
uary, 1893, are now allowed by law.   The taxation of costs
herein by the clerk is sustained."

The appellant's exception is as follows : "Error, holding
that plaintiff's attorneys were not entitled to taxable costs in
the action, though based on a liquidated contract existing
January 12th, 1893."   Section 2547 of the Revised Stat-
utes, which was of force until the time hereinafter men-
tioned, is as follows : "In every civil action, commenced or
prosecuted in the Courts of record in this State (except cases
in chancery), the attorneys of plaintiff or defendant shall be
entitled to recover costs and disbursements of the adverse
party, as prescribed in this chapter, such costs to be allowed
as of course to the attorneys of plaintiff or defendant * * *
accordingly as the action may terminate, and to be inserted
in the judgment against the losing party.   In cases in chan-
cery the same rule as to costs shall prevail, unless otherwise
ordered by the Court * * *". In 1892, 21 Stat., 30, an act
was passed, the provisions of which are as follows : "That
all acts in relation to attorney's costs be, and the same are
hereby, repealed : Provided, That this shall not apply to
causes now pending or existing liquidated contracts.   Sec.
2. That all acts or parts of acts inconsistent with or repug-
nant to this act are hereby repealed."   The action herein
was upon a liquidated contract existing when said act was
passed, and, therefore, was not affected by its provisions.
This case is quite different from that of *Addison* v. *Sujette,*
51 S. C., 305, which came within the provisions of said act.
The act of 1892 did not give the right to tax costs, but

simply left the law of force as to costs in actions upon liquidated contracts as it existed at the time said act was passed. The repeal of this act, therefore, did not affect the right to costs in actions on liquidated contracts existing when the act of 1892 was passed, as the right to tax costs in such actions was not derived from the act of 1892, but from the provisions of the Revised Statutes hereinbefore mentioned. The act of 1892 had no force or effect whatever upon the right to costs in actions on liquidated contracts existing when said act was passed. If the legislature had desired to take away the right to tax costs in actions on liquidated contracts existing when the act of 1892 was passed, it would have repealed the entire provisions of the Rev. Stat. allowing attorney's costs.

It is the judgment of this Court that the order of the Circuit Court be reversed.